# USERY & ASSOCIATES

DAVID R. SHYER, ESQ
Admitted in NY

**MAILING ADDRESS:**
**P.O. BOX 2996**
HARTFORD, CT 06104-2996

Direct Dial: 917-778-6324
Email: DSHYER@TRAVELERS.COM

TELEPHONE: 917-778-6680
FACSIMILE: 844-571-3789

October 23, 2025

**VIA ECF**
Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:    *The Travelers Indemnity Co. of Am. v. Westchester Surplus Lines Ins. Co.*
             Action No.   :    25-CV-6517 (JMF)

Dear Judge Furman,

      This office represents plaintiff The Travelers Indemnity Company of America ("Travelers") in the above-referenced action. I submit this letter, pursuant to Rules 2.A., 2.D., and 4.A. of your Honor's Individual Rules and Practices in Civil Cases, to request an extension of time for Travelers to file its opposition to defendant Westchester Surplus Lines Insurance Company's ("Westchester") motion to dismiss (the "Motion") until December 4, 2025.

      As set forth in your Honor's October 17, 2025 Order (DE 17), the current deadline for Travelers to file opposition to the Motion is November 6, 2025. This is the first request for an extension of this deadline. Counsel for Westchester consents to this extension. The reason for this request is set forth below.

      In this action, Travelers seeks a determination of Westchester's coverage obligations for The Omara Organization ("Omara") and 1166 LLC ("1166") for an underlying bodily injury action commenced by Robney Carabajo Rivas ("Rivas"), pending under Index No. 26648/2020E in the Supreme Court of the State of New York, County of Bronx (the "Underlying Action"). Rivas, in the Underlying Action, alleges that he was injured in the course of his employment on a construction project at 1166 6th Avenue, New York, New York.

      This dispute centers on how the $4 million General Aggregate Limit of Westchester's policy applies as a result of the interplay of two endorsements to the policy. Travelers, as set forth in its Complaint, interprets the policy to apply a separate General Aggregate Limit to each project on which Westchester's Named Insured ("Waldorf") worked. (DE 1.) Westchester, as set forth in its motion to dismiss, interprets the policy to provide a single General Aggregate Limit that is capped at a maximum of $4 million, regardless of the number of projects on which Waldorf worked. (DE 16.)

*Not a Partnership or Professional Corporation All attorneys are Employees of The Travelers Indemnity Company and its Property Casualty Affiliates.*

**HARTFORD, CT • NEW YORK, NY • BLUE BELL, PA • GLENDALE, CA • RANCHO CORDOVA, CA
SAN DIEGO, CA • WALNUT CREEK, CA • CHICAGO, IL • DALLAS, TX   HOUSTON, TX**

Hon. Jesse M. Furman, U.S.D.J.
October 22, 2025
Page 2

      Westchester has told Travelers that Westchester made two payments under the policy in the total sum of $4 million to resolve claims for injuries occurring at project locations other than 1166 6th Avenue. Under Westchester's interpretation, these payments would exhaust the policy's $4 million limits. Under Travelers' interpretation, these payments are unrelated to the $4 million limit for the project at 1166 6th Avenue.

      From the perspective of Travelers as explained in the complaint, this case involves an insurance policy that is ambiguous. As explained in Westchester's motion to dismiss, Westchester believes the policy is unambiguous. This week, I discussed this matter with Westchester's counsel, Christopher Hemphill, who advised that Westchester is willing to locate and produce the underwriting file, which Westchester believes will confirm its position regarding the intent of the policy. Once Westchester locates the underwriting file, counsel for Westchester will then review to confirm its contents, redact for privilege, and produce. Based on the information in the file, Travelers will likely be able to determine whether it should continue to litigate this matter or discuss resolving the matter with Westchester.

      The requested four-week extension would allow time for Westchester's counsel to review, redact, and produce the underwriting file. It will also allow time for the undersigned to review the file as produced and discuss its contents and effect with Travelers. The requested extension also takes the approaching Thanksgiving holiday into consideration.

      For these reasons, Travelers respectfully requests that the Court grant its letter application, and extend the time for Travelers to file opposition to the Motion until December 4, 2025.

      Respectfully Submitted,

      */s/David R. Shyer*
      David R. Shyer

Cc:    Christopher P. Hemphill, Esq. (via ECF)

Application GRANTED on consent.  Plaintiff shall file any opposition to Defendant's pending motion to dismiss **no later than December 4, 2025.**  Defendant's reply, if any, shall be filed **no later than December 11, 2025.**  The Clerk of Court is directed to terminate ECF No. 18.

SO ORDERED.

October 23, 2025